## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ROBERTA PYRETT, | ) | Case No. 3:18 CV 2298 |
| | ) | |
| Plaintiff, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | **ANSWER OF WHIRLPOOL** |
| | ) | **CORPORATION** |
| WHIRLPOOL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

_____

Now comes the Defendant, Whirlpool Corporation, and for its Answer to the Complaint, states:

1. That it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and therefore denies the same.

2. That it admits the allegations contained in Paragraph 2.

3. That it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and therefore denies the same.

4. That it admits the allegations contained in Paragraph 4 except the allegations which refer to a specific picture. This Defendant is not certain that the picture of the crane which is part of Paragraph 4 is in fact the crane on which Mr. Pyrett was working at the time of his accident on September 16, 2016.

5. In response to Paragraph 5, this Defendant admits that Mr. Pyrett fell from a crane that he was working on. This Defendant specifically denies that the fall was due to an unexpected energization of the crane. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5, and therefore denies the same.

6. That it denies the allegations contained in Paragraph 6.

7. Since Paragraph 7 states legal conclusions, this Defendant is not required to admit nor deny the existence thereof.

8. That it denies the allegations contained in Paragraphs 8, 9, 10, and 11.

## SECOND DEFENSE

9. Furthering answering, this Defendant states that the Complaint fails to state a cause of action against this Defendant.

## THIRD DEFENSE

10. Further answering, this Defendant states that the injuries alleged in the Complaint were caused by the negligence of Mr. Pyrett.

## FOURTH DEFENSE

11. Further answering, this Defendant states that Mr. Pyrett assumed the risks of the injuries alleged in the Complaint.

## FIFTH DEFENSE

12. Further answering, this Defendant states that the injuries alleged in the Complaint were caused by the actions of others not named as defendants.

## SIXTH DEFENSE

13. Further answering, this Defendant states that the Plaintiff has failed to join all necessary parties.

## SEVENTH DEFENSE

14. Further answering, this Defendant states that the Plaintiff's damages are capped or limited by various provisions of Ohio law.

## EIGHTH DEFENSE

15. Further answering, this Defendant states that it is entitled to a setoff of benefits received by the Plaintiff.

WHEREFORE, having fully answered, this Defendant prays that the Complaint be dismissed at the costs of the Plaintiff.

> Respectfully submitted,
>
> *s/ Gerald R. Kowalski*
> Gerald R. Kowalski (0022323)
> Sarah K. Skow (0081468)
> SPENGLER NATHANSON P.L.L.
> 900 Adams Street
> Toledo, OH 43604
> Telephone: (419) 241-2201
> Telefax: (419) 241-8599
> Email: gkowalski@snlaw.com
> sskow@snlaw.com
>
> *Counsel for Defendant Whirlpool Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically this 8th day of February, 2019. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

> *s/ Gerald R. Kowalski*
> Gerald R. Kowalski
> *Counsel for Defendant Whirlpool Corporation*

424813